UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FRANK WALKER,                                       No.:  1:17-cv-06240-AT

                Plaintiff,
                                            **COMPLAINT AND DEMAND  FOR JURY TRIAL**

        -against-

AHMIR THOMPSON, TARIK TROTTER, SHAWN GEE,
TRUER NOTES, INC., GRAND NEGAZ INC., THE ROOTS
ON TOUR, INC., OKAY TOURS, LLC, and SPORTS &
ENTERTAINMENT FINANCIAL GROUP, LLC,

                Defendants.
-------------------------------------------------------------------X

      Plaintiff, FRANK WALKER, by and through his attorneys, MARK DAVID SHIRIAN,

P.C., complaining of the Defendants, respectfully alleges as follows:

      1.      This firm, MARK DAVID SHIRIAN P.C., represents Plaintiff FRANK

WALKER (hereinafter "Plaintiff") in connection with his claims against Defendants, AHMIR

THOMPSON, TARIK TROTTER, SHAWN GEE, TRUER NOTES, INC., GRAND NEGAZ

INC., THE ROOTS ON TOUR, INC., OKAY TOURS, LLC, and SPORTS &

ENTERTAINMENT FINANCIAL GROUP, LLC (collectively, "Defendants"), for violation of

Lanham Act, 15 U.S.C. 1114 (1), violation of New York Civil Rights Law 51, breach of

contract, promissory estoppel, quantum meruit, unjust enrichment, conversion, and breach of

fiduciary duty and an accounting.

## INTRODUCTION

      2.      Plaintiff FRANK WALKER ("Plaintiff" or "Walker") is a renowned musician

and percussionist best known as a member of The Roots. As such, Walker has become intimately

associated with all of the original hit songs and best-selling albums of The Roots, and the music

of The Roots has become intimately associated with Walker. However, Walker was terminated by The Roots in May 2017. This dispute arises out of Walker's former bandmates, along with others, paying him unfair compensation and making unauthorized use of Walker's image to promote their band and their performances. Nevertheless, defendants are currently performing and promoting performances using Walkers likeness over Walker's objections and in direct violation of the applicable laws and statutes and/or a purported written agreement.

3.     The unauthorized use of Walker's likeness by Defendants is tarnishing the legacy of Walker himself given his close association with the band and its music. To make matters worse, Defendants have repeatedly and systematically used images of Walker, to promote their band and their live performances both in concert posters, on their Facebook and Instagram pages and on their website – a blatant attempt to pass off their current band to include Walker and to trade off of Walker's goodwill in a further attempt to mislead the public and pass off their current band as Walker as a member.

4.      Defendants' unauthorized use of Walker's likeness and refusal to comply with Walker's repeated demands to cease all further use of his likeness has forced him to bring this lawsuit. Walker is seeking monetary damages arising from Defendants' use of his likeness, and an injunction prohibiting defendants from using his likeness in order to protect his own legacy, and to protect the public from being duped by Defendants' false and misleading representations.

5.     This is also an action for an accounting of the books and records of the various defendants whom serve as the Manager or Managing Member of the defendants' entities.

6.     At all relevant times, defendants have failed to account for and to pay the correct amount of royalties to Walker.

7.      By this Complaint, Plaintiff seeks judicial intervention in order to enforce his rights to royalties he may be owed and demand that defendants in their capacity as the Manager and/or Managing Member render an accounting of all the entities in which Plaintiff has a financial interest.

## PARTIES

8.      Plaintiff Walker is an individual residing in Philadelphia, Pennsylvania.

9.      Defendant Ahmir Thompson ("Thompson") is an individual residing in New York, New York.

10.      Defendant Tarik Trotter ("Trotter") is an individual residing in Philadelphia, Pennsylvania.

11.      Defendant Shawn Gee ("Gee") is an individual residing in Philadelphia, Pennsylvania.

12.      Defendant Sports and Entertainment Financial Group Inc. is a Pennsylvania Corporation which currently maintains a place of business at One Presidential Blvd., Suite 320, Bala Cynwyd, PA 19004.

13.      Defendant Grand Negaz Inc. (GNI) is a Pennsylvania Corporation which currently maintains a place of business at 5212 Osage Avenue, Philadelphia, PA 19143.

14.      Defendant TRUER NOTES, INC. is a Pennsylvania Corporation which currently maintains a place of business at One Presidential Blvd., Suite 320, Bala Cynwyd, PA 19004.

15.      Defendant OKAY TOURS, LLC is a Pennsylvania Corporation which currently maintains a place of business at One Presidential Blvd., Suite 320, Bala Cynwyd, PA 19004.

16. Defendant THE ROOTS ON TOUR, INC., is a Pennsylvania Corporation which currently maintains a place of business at One Presidential Blvd., Suite 320, Bala Cynwyd, PA 19004.

17. Defendants   OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, THE ROOTS ON TOUR, INC., SHAWN GEE, TARIK TROTTER, and AHMIR THOMPSON are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

18. This court has original federal question jurisdiction as this action arises under the Lanham Act, 15 U.S.C. § 1125(a). Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338, 15 U.S.C. § 1121(a) and the principles of pendant jurisdiction pursuant to 28 U.S.C. § 1367(a).

19. This Court has supplemental jurisdiction over Plaintiff's New York Civil Rights 51 claims as the claims are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

20. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. 1391(b), because the claims arose in this judicial district and the defendants are doing business in this District, and therefore are deemed to reside here for venue purposes.

21. Shawn Gee, Ahmir Thompson, Tarik Trotter and Defendants regularly conduct business in New York County. In addition to other business activities in New York, The Roots perform on a weekly television show, which is taped at 30 Rockefeller Center in Manhattan.

22.     New York is where these causes of actions arose, and where transactions or occurrences took place out of which these causes of action arose.

## FACTS

23.     In 2002 plaintiff Walker and defendants Thompson were performing and known as "The Roots."

24.     The Roots are an American hip hop/neo soul band

25.     Plaintiff Walker for many years contributed to The Roots his unique and considerable skills as a musician, performer and composer. Plaintiff Walker, among other things, provided to The Roots years of service including many months per year touring extensively on the road (nationally and internationally) to develop and expand the brand of The Roots; helping develop live sets; as well as his talents as a composer writing songs and contributing to songs of The Roots. All of plaintiff Walker's contributions have been and are to the great benefit of The Roots.

26.      Defendants Shawn Gee has been the business manager of The Roots since on or about 1999.

27.     Defendant Shawn Gee is a control person as to OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, THE ROOTS ON TOUR, INC., and Mr. Gee controls all details of those entities' day-to-day financial, personnel and business operations and assumes actual, participatory, total control of those entities business activities.

28.     Mr. Gee has acted individually and as the agent of defendants OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, THE ROOTS ON TOUR, INC.

29.     GNI is a closely held corporation.

30.     Defendant Thompson is president of OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, THE ROOTS ON TOUR, INC..

31.     Defendant Trotter is Vice-President of OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, THE ROOTS ON TOUR, INC.

32.     On April 9, 1996, GNI caused to be registered with the United States Patent and Trademark office the mark "The Roots" at Registration Number 1966181.

33.     The owner of the mark "The Roots" is GNI.

34.     As a result of their positions as directors, officers, and /or control persons of OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, THE ROOTS ON TOUR, INC., close corporations, defendants Thompson, Trotter and Gee owe a fiduciary duty and duty of loyalty to OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, THE ROOTS ON TOUR, INC. and to plaintiff Walker.

35.     All publishing of non-digital works of The Roots are published and distributed by Universal Music Group (Universal).

36.     All payments for non-digital published works from Universal are received by OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, and THE ROOTS ON TOUR, INC.

37.     OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, and THE ROOTS ON TOUR, INC. collect artists' royalties on sales of product and provides advances for the production of product.

38.      Defendants Thompson Trotter and Gee have never noticed and/or held a meeting of the shareholders of OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, and THE ROOTS ON TOUR, INC.

39.     Defendants Thompson Trotter and Gee have never disclosed to plaintiff that dividends had been declared for the shareholders of OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, and THE ROOTS ON TOUR, INC.

40.     Defendants Thompson Trotter and Gee (acting individually and through Sports and Entertainment Financial Group, Inc.) have paid to themselves disproportionately high compensation from OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, and THE ROOTS ON TOUR, INC.

41.     Defendants Thompson Trotter and Gee have failed to disclose, report, and deliver earnings of OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, and THE ROOTS ON TOUR, INC.

42.     Defendants Thompson, Trotter and Gee have misrepresented earnings of OKAY TOURS, LLC, TRUER NOTES, INC., GRAND NEGAZ INC. ("GNI"), SPORTS & ENTERTAINMNET FINANCIAL GROUP, LLC, and THE ROOTS ON TOUR, INC. to plaintiff.

43.     On August 28, 2000 The Roots formed Okay Tours, LLC a Pennsylvania limited liability company.

44.     The purpose of Okay Tours, LLC, was to contract for and collect revenue from touring productions of The Roots.

45.     Okay Tours, LLC handled all touring productions for The Roots until late 2011.

46.     As a result of their positions as members and /or control persons of Okay Tours, LLC, defendants Thompson, Trotter and Gee owe a fiduciary duty and duty of loyalty to Okay Tours, LLC and to Plaintiff.

47.     Plaintiff has never been consulted about, voted for, or agreed to the conduct of the business of Okay Tours, LLC by a manager.

48.     Plaintiff Walker has never been consulted about, voted for, agreed to or signed an Operating Agreement regarding Okay Tours, LLC.

49.     Okay Tours, LLC, handled all touring productions, contracted for and collected revenue from touring productions of The Roots from Okay Tours, LLC's formation in 2000.

50.     Plaintiff Walker believes, and therefore avers, that Okay Tours, LLC prior to 2012 received income in the millions of dollars.

51.     Defendants Thompson, Trotter and Gee have failed to disclose, report, and deliver earnings of Okay Tours, LLC.

52.     Defendants Thompson, Trotter and Gee have misrepresented earnings of Okay Tours, LLC to Plaintiff.

53.     Defendants Thompson, Trotter and Gee (acting individually and through Sports and Entertainment Financial Group, Inc.) have paid to themselves disproportionately high compensation from Okay Tours, LLC.

54.     Plaintiff Walker received from the Internal Revenue Service a notice of tax deficiency for the year 2009 through 2014.  Upon receipt of that notice, Plaintiff Walker began making inquiries about income and benefits from his ownership in the above referenced entities and The Roots generally.

55.     On December 29, 2011 defendants Thompson, Trotter and Gee caused to be formed defendant The Roots on Tour, Inc. a Pennsylvania corporation.

56.     After January 1, 2012, defendants Thompson, Trotter and Gee intentionally transferred all assets of Okay Tours, LLC, and diverted all touring business, business knowledge, and contracts for touring business from Okay Tours, LLC to the defendant's newly formed The

Roots on Tour, Inc. for the purpose of paying themselves disproportionately high compensation and denying Plaintiff Walker any interest in such business.

57.     The actions and wrongful conduct of defendants complained of herein have been and are continuing until the present.

58.     On or about May 11 2017, Walker was terminated from The Roots by Thompson – expelling him from The Roots after he put 17 years of his life into it. Annexed hereto as Exhibit A is a copy of the termination notice.

59.     In terminating Plaintiff, Thompson cited to "Paragraph 2 of the Agreement", which is annexed hereto as Exhibit B.

60.     However, it appears that the contract provided by The Roots is a contract that is contingent upon a business relationship with NBC.

61.     Upon information and belief, Defendants and the other band members sought to expel Walker from the band in order to exclude him from any income to be derived as a result of any future deals and to derive greater profit for the remaining band members.

62.     Indeed, not long after the expulsion of Walker, the band promoted many concerts using Plaintiff's likeness, including a concert featuring a renowned comedian at Radio City Music Hall in Manhattan, New York.

63.     Defendants made no efforts to come to an agreement regarding past and future royalties, compensation and profits for Plaintiff. They simply kicked him out of The Roots and presumed he would forget about almost two decades of hard work, dedication, and effort he put into The Roots.

64.    Walker has not received any further distributions or compensation from defendants since his termination.

65.    Though the defendants and remaining band members have essentially expelled Walker from The Roots and sought to exclude him from any future band income, Defendants have unlawfully continued to use Walker's likeness and images in concert posters promoting their live performances, during their live performances, on their website, and on their Facebook and Instagram pages without Walker's permission and authorization.

66.    By misappropriating Walker's likeness to promote their band, Defendants have converted Walker into an involuntary spokesperson for the band and have created the false impression that Walker sponsors, endorses or is otherwise associated with the band when nothing could be further from the truth. Defendants' unauthorized use of Walker's image alleged hereinabove constitutes a willful violation of Walker's right of publicity.

67.    Defendants continue to use Walker's image to promote their band and their live performances over Walker's objections.

## FIRST CAUSE OF ACTION
## VIOLATION OF LANHAM ACT – 15 U.S.C. 1125(A) AS AGAINST ALL DEFENDANTS

68.    Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth.

69.    Defendants' use of Walker's likeness to promote their band and their live performances, as alleged hereinabove, has created the false impression that Walker sponsors, endorses and/or is associated in some manner Defendants and The Roots. Defendants' use of

Walker's likeness as alleged hereinabove also suggests to consumers that Walker had agreed to such use of his likenesses in conjunction with Defendants' band.

70.     The impression created by Defendants was entirely false. Walker does not endorse or sponsor, and is not associated with Defendants or their band. Walker did not consent to Defendants' use of his name and likeness to promote their band and their live performances.

71.     This misconduct by Defendants as alleged herein constitutes an intentional, willful and extraordinary violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

72.     As a direct and proximate result of Defendants' said misconduct, Walker has suffered and will suffer substantial monetary damage in an amount to be proven at trial.

73.     Walker has been, and unless enjoined by this Court, will continue to be, damaged and irreparably harmed by Defendants' continued unauthorized use of his likeness to promote their band and their live performances. Such irreparable harm constitutes an injury for which Walker has no adequate remedy at law. Accordingly, Walker is entitled to preliminary and permanent injunctive relief prohibiting Defendants from using his likeness in any manner, including but not limited to in connection with promoting Defendants' live or recorded musical performances.

74.     Defendants' conduct as herein alleged is despicable and was undertaken by Defendants with a willful and conscious disregard of Walker's rights. Walker is informed and believes, and based thereon alleges, that Defendants did the acts as herein alleged with an intent to injure Walker and to subject him to cruel and unjust hardship in conscious disregard of Walker's rights, and that said acts were done willfully, maliciously, and oppressively. Walker is,

therefore, entitled to an additional award of punitive and/or exemplary damages in an amount sufficient to punish Defendants and to deter Defendants from committing such acts in the future.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS LAW §51**
**AS AGAINST ALL DEFENDANTS**

75.     Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth.

76.     That defendants have promoted and continue to promote multiple concerts and live performances, including a concert in or around August 1, 2017 in New York City.

77.     The aforementioned promotions contain the likeness of plaintiff.

78.     The promotions were released without authorization or approval of plaintiff.

79.     The promotions were commercially released for purposes of trade and upon information and belief defendants have derived financial benefits using plaintiff's likeness as described above.

80.     By engaging in such acts, defendants have jointly and severally violated New York Civil Rights Law 51.

81.     That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, and in an amount to be determined upon the trial of this action.

82.     That by reason of the foregoing, exemplary damages pursuant to the statute should be imposed against defendants in amount to be determined at trial.

83.     Walker does not endorse or sponsor the current Roots band and did not give any of the Defendants permission to make commercial use of his likeness in any way in connection with promoting the band or its live performances.

84.     Defendants have misappropriated Walker's likeness without compensation, and of course, without Walker's consent in order to promote their band and their live performances.

85.     By doing so, Defendants have converted Walker into an involuntary spokesperson for their band. Moreover, Defendants used Walker's likeness in a manner that creates the false implication and impression that Walker sponsors, endorses or is otherwise associated with Defendants and their band, and/or would be appearing at the live performances and concerts.

86.     The right to use Walker's likeness in the manner alleged hereinabove to advertise and promote Defendants' band is an extremely valuable commercial right for which Walker, had he been asked and had he consented, would have been paid a large sum of money. Moreover, the value of Walker's likeness has been diminished by Defendants' unauthorized use.

87.     Defendants' conduct alleged hereinabove constitutes a willful violation of Walker's common law right of publicity.

88.     As a direct and proximate result of Defendants' said misconduct, Walker has suffered and will suffer substantial monetary damage in an amount to be proven at trial.

89.     Walker has been, and unless enjoined by this Court, will continue to be, damaged and irreparably harmed by Defendants' continued unauthorized use of his likeness to promote their band and their live performances. Such irreparable harm constitutes an injury for which Walker has no adequate remedy at law. Accordingly, Walker is entitled to preliminary and

permanent injunctive relief prohibiting Defendants from using his likeness in any manner, including but not limited to in connection with promoting Defendants' band or their live musical performances.

90.     Defendants' conduct as herein alleged is despicable and was undertaken by Defendants with a willful and conscious disregard of Walker's rights. Walker is informed and believes, and based thereon alleges, that Defendants did the acts as herein alleged with an intent to injure Walker and to subject Walker to cruel and unjust hardship in conscious disregard of his rights, and that said acts were done willfully, maliciously, and oppressively. Walker is, therefore, entitled to an additional award of punitive and/or exemplary damages in an amount sufficient to punish Defendants and to deter Defendants from committing such acts in the future.

91.     By engaging in such acts, defendants have jointly and severally violated New York Civil Rights Law 51.

92.     That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, and in an amount to be determined upon the trial of this action.

93.     That by reason of the foregoing, exemplary damages pursuant to the statute should be imposed against defendants' in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**ACCOUNTING AS AGAINST ALL DEFENDANTS**

94.     Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth.

95.     Plaintiff has the right to access the books and records of the entities, including all of the financial information set forth therein.

96.     Defendants, as Manager or Managing Member of the entities, have maintained and continue to possess the books and records of the entities and have repeatedly denied Plaintiff access to such books and records to which he is lawfully entitled.

97.     Because of the failure of defendants to disclose and afford plaintiff access to the books and records of the entities, plaintiff has been deprived of the knowledge of the financial status of the entities.

98.     The information regarding the financial status of the entities has been deliberately withheld from Plaintiff by defendants.

99.     Defendants, as Manager or Managing Member of the entities here at issue, owe a fiduciary duty to Plaintiff.

100.    Upon the rendering of an accounting, Plaintiff should be capable of determining the propriety of the distributions made and expenses disbursed by defendants in their capacity as managing members.

101.    Defendants have a duty to account, has failed and refused to do so, and have never rendered an accounting of the financial status and operations of the entities.

102.    As a result of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

103.    Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT AS AGAINST ALL DEFENDANTS

104.     Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth.

105.     That plaintiff allegedly entered into an agreement with defendants in connection with plaintiff's performance services wherein defendants are required to account to plaintiff by sending accounting statements together with payment of certain royalties to plaintiff.

106.     That defendants have failed to account to plaintiff in that defendants have failed to send accounting statements together with royalties due. That plaintiff has notified defendants several times of the breach and defendants have failed to properly account to plaintiff and send royalty statements together with royalties due to plaintiff.

107.     That as a result, defendants have willfully and intentionally breached the agreement with plaintiff.

108.     That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, and in an amount to be determined upon the trial of this action.

## FIFTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL AS AGAINST ALL DEFENDANTS
### (in the alternative to fourth cause of action breach of contract claim)

109.     Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth.

110.   Defendants made various promises to Plaintiff regarding how they would allocate the earnings of the entities.

111.   Because of the power and authority of the defendants, and the relative lack of power of plaintiff, plaintiff relied upon the defendants' statements that plaintiff's earnings would be accurate.

112.   Plaintiff reasonably relied on Defendants' statements.

113.   As detailed above, Plaintiff relied to his detriment on the defendants' statements and this created the environment that allowed the defendants' unlawful conduct.

114.   As a result of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

115.   That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, and in an amount to be determined upon the trial of this action.


**SIXTH CAUSE OF ACTION**
**QUANTUM MERUIT AS AGAINST ALL DEFENDANTS**

116.   Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth.

117.   Plaintiff rendered services to defendants.

118.    That defendants have willfully and intentionally failed to send accounting statements together with royalties due and has improperly retained royalties and compensation due to plaintiff pursuant to the applicable agreements.

119.    Since Plaintiff's termination from The Roots, the defendants used Plaintiff's likeness in commercial advertisements for The Roots concerts and live performances and at upon information and belief were repeatedly broadcast on television and streamed on the internet.

120.    The television and internet advertisements were without compensation to plaintiff.

121.    The defendants accepted the services of plaintiff in the performances as described above and as such plaintiff is entitled to compensation for the value of the services on quantum meruit basis.

## SEVENTH CAUSE OF ACTION
## UNJUST ENRICHMENT AS AGAINST ALL DEFENDANTS

122.    Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth.

123.    Plaintiff rendered services to defendants.

124.    That defendants have willfully and intentionally failed to send accounting statements together with royalties and compensation due and have improperly retained royalties and compensation due to plaintiff pursuant to the applicable agreements.

125.    Since Plaintiff's termination from The Roots, the defendants used Plaintiff's likeness in commercial advertisements for The Roots concerts and live performances and at upon information and belief were repeatedly broadcast on television and streamed on the internet.

126.    The television and internet advertisements were without compensation to plaintiff.

127.    On the basis of the foregoing the defendants have been unjustly enriched and plaintiff has been damaged in amount to be determined at trial and within jurisdiction of this Court.

## EIGHTH CAUSE OF ACTION
## BREACH OF FIDUCIARY OBLIGATIONS AS AGAINST DEFENDANTS
## AHMIR THOMPSON, TARIK TROTTER AND SHAWN GEE

128.    Plaintiff incorporates by reference all the averments set forth in the paragraphs above as though fully set forth herein at length.

129.    As a result of their positions as shareholders and directors of GNI, defendants Thompson, Trotter and Gee owe a fiduciary duty and duty of loyalty to GNI and to Plaintiff Walker.

130.    At all times relevant defendant Gee knew of the fiduciary duties of defendants Thompson and Trotter and that they were breaching their duties and defendant Gee aided and abetted those breaches. Defendant Gee substantially assisted or encouraged defendants Thompson and Trotter in their scheme and their breaches of fiduciary duties.

131.    Defendant Gee entered into an agreement with defendants Thompson and Trotter to commit the acts complained of herein which were unlawful or otherwise lawful by unlawful means.

132.    Defendants have a fiduciary duty to act fairly and not to act in favor of one group to the detriment of others, and are required to account to the Companies and hold as trustee for them any profits derived from their business.

133.    Plaintiff Walker has a direct right of action to enforce the aforesaid fiduciary duties.

134.    Defendants have breached their fiduciary duties to Plaintiff by conduct including, but not limited to: a) Refusal to declare dividends; b) Remove funds from the businesses through excessive compensation; c) Disproportionately high salaries; d) Withholding business information; e) Failing to hold meetings; f) Excluding the minority from a meaningful role in decision making; g) Self-dealing; h) Diversion of the property and business opportunities of the companies; i) Denying Walker a fair share of the benefits of the business activities; j) Usurping corporate opportunity by permitting the use of Plaintiff's likeness without appropriate compensation; k) Drastically reducing the income paid to Plaintiff Walker; and l) Denial of access to requested contract and records.

135.    As a result of the bad faith conduct and breaches of fiduciary duties of defendants Thompson, Trotter and Gee, Plaintiff Walker has suffered damages in the form of lost income, unpaid dividends, undistributed profits, consequential damages in the form of lost interest and investment opportunity, loss of right as a shareholder, and expenses and legal fees.

136.    Plaintiff Walker has been excluded from his proper share of benefits accruing from the enterprises as a result of the defendants' bad faith and breaches of fiduciary duties.

137.    Defendants' breaches of their duties were willful and/or in reckless disregard of the rights of Plaintiff Walker, and are so shocking, outrageous and in bad faith that punitive damages are warranted.

**NINTH CAUSE OF ACTION**
**CONVERSION AS AGAINST DEFENDANTS**

138.    Plaintiff incorporates by reference all the averments set forth in the paragraphs above as though fully set forth herein at length.

139.    Defendants' unauthorized collection of royalties were intentional.

140.    Defendants' unauthorized collection of royalties was in derogation of Walker's rights to collect such royalties as defendants kept the collected royalties without payment to Walker or notification to Walker.

141.    Defendants' conduct constitutes an illegal conversion of Walker's royalties.

142.    As a result of defendants' conversion, Walker has been damaged in an amount to be determined at trial and within jurisdiction of this Court.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays and respectfully requests that the Court enter judgment in his favor and against Defendants, containing the following:

a) awarding plaintiff damages in an amount to be determined at trial;

b) issuing an injunction preliminarily and permanently enjoining the use of Plaintiff's likeness;

c) imposing statutory exemplary damages against defendants;

d) together with legal fees, interest, costs, and disbursements, and for such other relief as this court may deem just and proper Attorney fees and costs; and

e) grant such further relief as the Court deems necessary and proper in the public interest.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: August 17, 2017
      New York, New York

                                       Respectfully submitted,

                                       MARK DAVID SHIRIAN P.C.

By: _____
                           Mark D. Shirian, Esq.
                      228 East 45th Street, Suite 1700
                      New York, NY 10017
                      Telephone: (516) 417-0201

                      COUNSEL FOR PLAINTIFF